IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BEAULY, LLC<br>*Plaintiff*,<br><br>v.<br><br>TAKESHA DUNLAP BELL, AL BELL, et al<br>*Defendant*. | CIVIL ACTION NO. 3:15-cv-3549-M-BH |

MOTION TO REMAND AND BRIEF IN SUPPORT

Plaintiff Beauly, LLC (hereinafter "Beauly") files this Motion to Remand and Brief in Support (the "Motion") under 28 U.S.C. § 1447(c) and would respectfully show the Court as follows:

INTRODUCTION AND BACKGROUND

1. This case arises from a state court forcible detainer eviction proceeding under Texas Property Code §§ 24.001- 24.008. On or about June 19, 2014, Plaintiff filed a forcible detainer action against Defendants Takesha Dunlap and all Occupants of 705 Champion Way, Mansfield, Texas (the "Defendants") seeking possession of the property commonly known as 705 Champion Way, Mansfield, Texas (the "Property") in the Justice Court of Tarrant County, Texas.

2. On July 8, 2014, the Justice Court held a bench trial. The court ruled in favor of Beauly and granted it possession of the Property. The defendant appealed the decision to the County Court at Law for a trial de novo.

3. Defendant then removed the eviction suit to this Court on November 3, 2015. Removal was more than 365 days after defendant was served with citation in the

forcible detainer and the day before trial in in county court at law.

4. Defendants removed this matter based on diversity of citizenship.

5. In addition to the current removal, the defendants have attempted to remove this case several times, each time being remanded to state court.

ARGUMENT AND AUTHORITY

6. A federal court is one of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. 28 U.S.C. §§ 1331, 1332.

7. Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action of which the federal district courts would have original jurisdiction. For the court to have subject matter jurisdiction over the current action, there must be a federal question involving the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331. Any doubts as to the propriety of removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id*.

*Defendants are not diverse*

8. A defendant may properly remove a state court action only if all defendants are citizens of different states. If any of the defendants are citizens of the state in which the state court action is pending, removal is not allowed. 28 U.S.C. § 1441(b)(2). Often times called the "In-State Defendant Barrier," state court actions are not removable merely because the Plaintiff

is a resident of another state. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006).

9. Defendants are citizens and residents of Texas. Therefore, under the In-State Defendant barrier, the case is not removable based on diversity of citizenship and the case should be swiftly remanded to the state court.

*Untimely Removal*

10. Removal must be accomplished within 30 days after the Defendant is provided a copy of the initial pleadings. 28 U.S.C. § 1446. Defendant admits in the Notice of Removal, that he was served on *July 1, 2014.* Notice of Removal ¶ I. Since removal was accomplished more than 30 days after being served with summons, removal is extremely untimely and the case should be remanded to state court.

*Amount in Controversy*

11. Additionally, Defendants have not shown the amount in controversy exceeds $75,000.00 as required for the federal court to have jurisdiction in this case. It is the defendants' burden to prove the amount in controversy is greater than $75,000.00. *Luckett v. Delta Airlines, Inc.*, 177 F.3d 295, 298 (5th Cir 1999).

12. Although the Defendants plead the value of the property was greater than $75,000.00, the fair market value of the property is not at issue. Since this case is about the right of possession, it is the value of the possession that is the correct measure to determine the Court's jurisdiction. *Bank of Am., N.A. v. Horace*, 2013 U.S. Dist. LEXIS 56277 (N.D. Tex. Apr. 19, 2013). Defendants failed to plead the value of possession of the property.

REQUEST TO BAR FUTURE REMOVAL

13. This is the fourth time this simple case has been removed to federal court. Prior to the current removal, Defendants removed the cases on the following dates:

| Date | Case | Disposition Date | Disposition |
|---|---|---|---|
| 10/22/2014 | 3:14-cv-03785-L | 10/23/2014 | Transferred to Fort Worth (4:14-cv-0862-A) |
|  | 4:14-cv-00862-A | 10/28/2014 | Remanded to State Court |
| 12/24/2014 | 3:14-cv-04527-B | 5/5/2015 | Transferred to Fort Worth (4:15-cv-0338-Y) |
|  | 4:15-cv-0338-Y | 7/7/2015 | Remanded to State Court |
| 10/7/2015 | 3:15-cv-03257-L | 10/9/2015 | Remanded to State Court |

14. All of the removals occurred on the eve of trial. Since a state court is prohibited from proceeding on a case once the case is removed, 28 U.S.C. § 1448, the continued and improper removals are hindering the state court and Plaintiff from proceeding to trial on this case.

15. Defendants have not read or bothered to comprehend the Orders remanding this case to the state court. The continued removal wastes not only the Plaintiff's time and money, but wastes judicial resources as well. Both the plaintiff and the state trial court must continue to spend resources preparing for trial only to have the case removed to federal court on the day before the removal. Additionally the federal court lacks jurisdiction in this matter but has had to deal with the improper removal on multiple occasions.

16. Defendants have removed this case five times based upon the same failed arguments. Plaintiff asks the Court to Order Defendants, or anyone working in concert with them, from attempting to remove the case again or face monetary sanctions.

CONCLUSION

17. Removal of the present action to federal court was improper. Defendant has not established removal jurisdiction in the present action because the defendants are citizens

of Texas. Additionally the defendants removed the case more than 30 days after they were served with citation, therefore the removal is untimely.

     WHEREFORE, Plaintiff prays that the Court grant its motion, remand this suit to the state county court where it was originally filed; Order the Defendants not to attempt to remove the case yet again and award plaintiff court costs, expenses, and attorney's fees.

     Respectfully submitted,

/S/ Keith A. Wolfshohl
Anna C. Sewart
SBN: 24029832
Keith A. Wolfshohl
SBN: 24047135

BARRY & SEWART, PLLC
4151 Southwest Freeway
Suite 680
Houston, Texas 77027
Tel: (713) 722-0281
Fax: (713) 722-9786

*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing pleading was served upon the following pursuant to the Federal Rules of Civil Procedure on this the 4th day of November, 2015:

| | |
|---|---|
| Al Bell<br>705 Champion Way<br>Mansfield, Texas 76063 | Takesha Dunlap Bell<br>705 Champion Way<br>Mansfield, Texas 76063 |

                                               /S/ Keith A. Wolfshohl
                                               Keith A. Wolfshohl