IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEAULY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:15-CV-3549-M-BH |
| | ) | |
| AL BELL, | ) | |
| | ) | |
| Defendant. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this *pro se* foreclosure case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, this Court lacks jurisdiction, and the case should be **REMANDED** to the state court *sua sponte*.

**I.   BACKGROUND**

On or about June 19, 2014, Beauly LLC (Plaintiff), filed a petition for forcible detainer against Takesha Dunlap and all occupants of 705 Champion Way, Mansfield, Texas, 76063 (the Property) in the Justice Court of Tarrant County, Texas, Precinct 7. (*See* doc. 3 at 14-20.)[1] Plaintiff obtained a judgment against the defendants on July 8, 2014. (*Id.* at 12.) The judgment was appealed to County Court at Law No. 1 of Tarrant County, Texas. (*See id.* at 7-11.) On November 3, 2015, Al Bell (Defendant) removed the action to the federal district court for the Northern District of Texas, Dallas Division, on the basis of diversity jurisdiction. (doc. 2.)

**II.   JURISDICTION**

The notice of removal asserts that federal jurisdiction exists based on diversity of citizenship. (doc. 2 at 2.)

---

[1]  Citations refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).  They may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper).  Accordingly, the Court must *sua sponte* determine whether it has jurisdiction over this removed case.

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a).  A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332.  Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331.  Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00 exclusive of interests and costs, and there is diversity of citizenship. *Id.* § 1332(a).  "The removing party bears the burden of showing that federal question jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002).  "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir.2007).

2

## A.    <u>Citizenship</u>

A case removed under § 1332 must have complete diversity of citizenship. *Lincoln Property Co. v. Roche,* 546 U.S. 81, 84 (2005).  "Complete diversity" means that a plaintiff may not share citizenship with any defendant.  *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir.1992).  A party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of the parties. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir.1988) (citing *McGovern v. Am. Airlines, Inc.*, 511 F.2d 803, 805 (5th Cir. 1991)). Here, Defendant's notice "distinctly and affirmatively" alleges Plaintiff's citizenship and his own.

## B.    <u>Amount in Controversy</u>

The amount-in-controversy threshold is a necessary element of subject-matter jurisdiction and must be met before a federal court properly exercises diversity jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The defendant, as the removing party, bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).  The removing party may satisfy this burden by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or by setting forth the facts in controversy that support a finding of the requisite amount. *Allen v. R & H Oil & gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).

In the context of forcible detainer actions involving foreclosed property, courts have held that the amount in controversy is not the value of the property, but rather, the value of the right of possession. *See Fed. Nat. Mortg. Ass'n v. Talley*, No. 3:12-CV-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *report and recommendation adopted*, 2012 WL 4005760 (N.D. Tex. Sept. 11, 2012) (collecting cases). By contrast, when the loss of title to property is at issue, the

3

property itself is the object of the litigation and its value is the proper measure of the amount in controversy. *Burr v. JP Morgan Chase Bank, N.A.*, No. 4:11-CV-03519, 2012 WL 1016121, at *3 (S.D. Tex. Mar. 23, 2012).

In this case, the only issue apparently raised by the state court forcible detainer action is the right to possession.  (*See* doc. 3 at 14-20.)  Defendant has not shown that Plaintiff sought money damages, disputed the title to property, or sought any debt related to the property in the forcible detainer action, so he cannot show that the amount in controversy requirement for diversity jurisdiction has been met. He has therefore not shown a basis for the exercise of subject-matter jurisdiction over this case.

### III. RECOMMENDATION

This case should be *sua sponte* **REMANDED** to the County Court at Law No. 1 of Tarrant County, Texas, for lack of subject matter jurisdiction.

**SO RECOMMENDED this 5th day of November, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5